**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETER RAFFERTY, MD<br>*Plaintiff,*<br>v.<br>GEISINGER HEALTH SYSTEM<br>*Defendant(s).* | No. 4:26-CV-02969 |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Dr. Peter Rafferty, ("Dr. Rafferty") files this complaint against Geisinger Medical Center ("Geisinger").

## I. PARTIES

1. Plaintiff, Dr. Peter Rafferty, ("Dr. Rafferty") is an adult individual who resides at 100 N. Kingshighway Blvd., St Louis, Missouri.

2. Defendant, Geisinger Medical Center, ("Geisinger") is, on information and belief, a non-profit hospital with its principal place of business at 100 North Academy Avenue, Danville, Pennsylvania. Geisinger is part of the Geisinger Health System.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over the parties pursuant to a July 22, 2022 Confidential Settlement Agreement, ("Settlement Agreement"), in which the parties agreed that: "Jurisdiction over any dispute arising under, or related to this Agreement shall lie exclusively with the United States District Court for the Middle District of Pennsylvania or the state court sitting in Montour County, Pennsylvania…." Exhibit 1.

5. Venue is proper in this District pursuant to the Settlement Agreement: "…the parties hereby irrevocably consent to jurisdiction in these forums and waive any objections as to jurisdiction, venue or forum non-conveniens." Id.

## III. BACKGROUND

### A. Dr. Rafferty and the Geisinger Residency Program

6. Dr. Rafferty entered Geisinger's residency program for anesthesiology ("Residency Program") in or about June 2020.

7. Dr. Rafferty successfully completed his first year of the Residency Program, Clinical Base Training.

8. Dr. Rafferty began the second year of the Residency Program in or about June 2021. Dr. Rafferty successfully completed the first six months of the second year of the Residency Program, Clinical Anesthesia.

9. Dr. Rafferty participated in the second six months of the second year Residency Program which ran from June 2021 to June 2022.

10. A dispute arose between Dr. Rafferty and Geisinger. This dispute ultimately resulted in the Settlement Agreement between Dr. Rafferty and Geisinger.

### B. The Settlement Agreement

11. Dr. Rafferty and Geisinger entered into the Settlement Agreement, with Dr. Rafferty executing the Settlement Agreement on July 20, 2022 and Geisinger executing the Settlement Agreement on August 9, 2022. See Exhibit 1.

12. The Settlement Agreement contains certain representations and warranties by Geisinger, including that no reports have been made to third parties (such as the American Board of Anesthesiology ("Board") and the Accreditation Council for Graduate Medical Education ("ACGME")). See Id., Settlement Agreement at ¶3 ("The Medical Center warrants and represents

that, except with respect to the AG Report, it has not made any report to the Accreditation Council for Graduate Medical Education or any other accreditation, licensing, law enforcement or regulatory bodies with respect to AG Report, the matters reported therein, Resident's alleged conduct related thereto or any other alleged misconduct or issue of noncompliance of or by Resident.") (emphasis added).

13. The Settlement Agreement also contains very specific terms negotiated between the parties as to the content that would be included in any reports Geisinger made to third parties, including any "accreditation, licensing, law enforcement or regulatory bodies." See Id at ¶3, and Exhibit A thereto.

14. The Board and ACGME are two of the bodies that accredit anesthesiology programs and anesthesiologists. Accordingly, they are accreditation bodies.

15. Further, the Board and ACGME are two of the bodies through which the profession of anesthesiology self-regulates, making them regulatory bodies.

16. The Settlement Agreement also specifies that the issues underlying the dispute between Geisinger and Dr. Rafferty "shall not adversely impact or otherwise be a factor considered with respect to Resident's Residency Program evaluations or Resident's Accreditation Council for Graduate Medical Education Milestone ratings or report[.]" Id. at ¶ 2.

17. The Settlement Agreement contains a fee shifting provision should Dr. Rafferty sue and prevail against Geisinger for breaches of the Settlement Agreement. See Id. at ¶ 15, ¶6(b).

18. Dr. Rafferty came to learn, after the execution of the Settlement Agreement, that, despite Geisinger's specific representations and warranties to the contrary in the Settlement Agreement, Geisinger had submitted negative evaluations regarding him to both the Board and ACGME.

19. Geisinger admitted that its employee, the residency program director at the time, submitted evaluations to the Board and ACGME before the Settlement Agreement was executed.

20. These evaluations breached the representations and warranties in the Settlement Agreement, which are material terms.

21. The Settlement Agreement also specified that Dr. Rafferty would be treated and considered like every resident of Geisinger's program that completed the second year of the residency program, through June 30, 2022. See generally Exhibit 1.

22. Geisinger breached the Settlement Agreement when its report to the Board indicated that that Dr. Rafferty had not completed the second year of the residency program, but had left the residency program on June 15, 2022.

23. Geisinger further breached the Settlement Agreement when its report to the Board included the statement that Dr. Rafferty had been "dismissed" from the second year of the residency program.

24. Geisinger further breached the Settlement Agreement when its report to ACGME indicated that Dr. Rafferty had not completed his second year of the residency program, but had left the residency program on June 15, 2022.

25. Geisinger further breached the Settlement Agreement when its report to ACGME included the statement that Dr. Rafferty had been "dismissed" from the second year of the residency program.

26. As a direct result of Geisinger's multiple breaches of the Settlement Agreement, the Board did not credit Dr. Rafferty for the last six months of the second year of the residency program.

27. As a direct result of Geisinger's multiple breaches of the Settlement Agreement, Dr. Rafferty had to enter a different residency program at a different academic medical center and retake the last six months of the second year of the residency program.

28. Geisinger's breaches have directly caused significant financial harm to Dr. Raffety that exceeds $75,000 (Seventy-Five Thousand Dollars) including the cost of enrolling in and completing the last six months of the second year of the residency program and delaying his significant earnings as an anesthesiologist for at least eight additional months.

29. Dr. Rafferty is entitled to damages flowing from Geisinger's breaches. He is further entitled to interest, costs, expenses, and attorney fees, pursuant to the Settlement Agreement's fee-shifting provision. Exhibit 1 at ¶ 15, ¶ 6(b).

## IV. COUNT ONE – BREACH OF CONTRACT

30. Geisinger has breached the representations and warranties set forth in the Settlement Agreement.

31. Geisinger has also breached the specific language in the Settlement Agreement as to what a report to a third party would contain.

32. Geisinger has also breached the provision in the Settlement Agreement as to its evaluations of Dr. Rafferty.

33. These separate breaches each provide a basis for a breach of contract claim.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant, and seeks an award of damages, interest, costs, expenses, and attorney's fees pursuant to the Settlement Agreement, and any other such further relief as may be just and proper.

Respectfully submitted,

**POST & SCHELL, P.C.**

Abraham Rein, Esquire
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 587-1070
Email: arein@postschell.com

*Attorney for Plaintiff, Peter Rafferty, MD*

Dated: October 6, 2026